UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LESLIE OSEHOBO AKHUEMOKHAN,

        Petitioner,

        – against –

THE HONORABLE ERIC H. HOLDER, ET AL.,

        Respondents.
----------------------------------X

ORDER
12-CV-1181 (JFB)



FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ DEC 30 2013 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Leslie Osehobo Akhuemokhan ("petitioner") commenced this action on March 9, 2012. He seeks (1) release from detention by Immigration and Customs Enforcement ("ICE") by petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; (2) review of the final order of removal against him; (3) a stay of the final order of removal; (4) an order pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Administrative Procedure Act, 5 U.S.C. § 706, directing the United States Citizenship and Immigrations Services ("USCIS") to adjudicate his citizenship application; and (5) a declaration that he is a United States citizen. For the following reasons, the petition is denied in its entirety.

I. BACKGROUND

Petitioner is a citizen of Nigeria. (Decl. of Joseph A. Cardinale ("Cardinale Decl.") Ex. 1.) He arrived in the United States on or about November 8, 2000 on a V-2 visa, which permitted him to remain in the United States until November 7, 2003. (AR at 722.[1]) On October 10, 2003,

---

[1] "AR" refers to the administrative record filed in a separate action in the Second Circuit, which relates to the order of removal against petitioner. Respondent has submitted this

1

petitioner filed a Form N-600 application for United States citizenship with USCIS.[2] (Cardinale Ex. 1.) In the application, petitioner claimed United States citizenship through his mother, who had become a naturalized United States citizen in 2001. (*Id.*) On April 16, 2007, USCIS denied petitioner's citizenship application. (Cardinale Ex. 2.)

On May 4, 2009, petitioner pleaded guilty to one count of third degree robbery in a New York state court, and he was sentenced to a term of one and one-third to four years' imprisonment. (AR at 479.) In addition, he was adjudicated a youthful offender on two counts of second degree robbery, one count of third degree robbery, and one count of assault with intent to cause serious harm. (*Id.* at 505, 507.) For each of these youthful offender convictions, petitioner was sentenced to concurrent terms of one and one-third to four years' imprisonment, to run concurrently with his other conviction for third degree robbery. (*Id.* at 479, 505, 507.)

On December 14, 2009, the Department of Homeland Security ("DHS") commenced removal proceedings against petitioner, asserting that petitioner had overstayed his visa and had been convicted of an aggravated felony, as defined by 8 U.S.C. §§ 1101(a)(43)(G) and 1101(a)(43)(F). (*Id.* at 54–55.) On December 6, 2011, an immigration judge ordered petitioner removed. (*Id.* at 54–69.) Petitioner appealed to the Board of Immigration Appeals ("BIA"). (*Id.* at 6–28.) While his appeal before the BIA was pending, on March 9, 2012, petitioner commenced this action, alleging that he was being detained unlawfully in ICE's Buffalo Federal Detention

---

administrative record as part of the record in this action.

[2] "A Form N-600 is an application for a certificate of citizenship that can be filed on behalf of any person claiming United States citizen status based on the fact that one or both parents are citizens." *Pessoa v. Holder*, No. 10 CIV. 1387 SHS, 2011 WL 2471206, at *1 n.2 (S.D.N.Y. June 21, 2011).

2

Facility in Batavia, New York. (Compl. ¶ 1.) Shortly thereafter, on May 2, 2012, the BIA dismissed petitioner's appeal, concluding that he was not entitled to United States citizenship through his mother. (*Id.* at 3–5.)

Petitioner filed a petition for review of the BIA's decision in the Second Circuit on May 16, 2012. (*See* Petition, *Akhuemokhan v. Holder*, No. 12-2005 (2d Cir. May 16, 2012).[3]) Petitioner also sought to stay his removal during the pendency of this action. (*See id.*) On September 27, 2012, the Second Circuit dismissed in part and denied in part the petitioner for review. (*See* Order, *Akhuemokhan v. Holder*, No. 12-2005 (2d Cir. Sept. 27, 2012).)

Thereafter, on November 5, 2012, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Western District of New York, challenging the legality of his detention in ICE's Buffalo Federal Detention Center. (Petition, *Akhuemokhan v. Holder*, No. 12-CV-1078-JTC (W.D.N.Y. Nov. 5, 2012).) On May 1, 2013, ICE released petitioner from detention under an order of supervision. (*See* ECF Doc. No. 10.) Because petitioner was no longer in ICE's custody, the Western District of New York dismissed petitioner's habeas petition as moot. (Order, *Akhuemokhan v. Holder*, No. 12-CV-1078-JTC (W.D.N.Y. May 9, 2013).)

II. DISCUSSION

A. Habeas Corpus Petition

Petitioner challenges his detention in ICE's Buffalo Federal Detention Center by petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, as the Western

---

[3] The Court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (citations omitted).

3

District of New York has already determined, petitioner's release from custody on May 1, 2013 rendered the issue of his detention moot. *See, e.g., Agoro v. Herron*, No. 10-CV-1055 (MAT), 2012 WL 1909214, at *2 (W.D.N.Y. May 25, 2012) ("[W]here an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." (citing cases)).[4] Accordingly, the Court dismisses petitioner's habeas corpus petition.

B. Challenge to Removal

Plaintiff also appears to seek review of the final order of removal against him, as well as a stay of removal. The Court does not have jurisdiction to hear these claims because Section 106 of the REAL ID Act of 2005, 8 U.S.C. § 1252, "'strips district courts of jurisdiction to hear habeas petitioners challenging final orders of deportation.'" *Eisa v. Immigration & Customs Enforcement*, No. 08-cv-6204 (FM), 2008 WL 4223618, at *3 (S.D.N.Y. Sept. 11, 2008) (quoting *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615–16 (2d Cir. 2007)). Pursuant to the REAL ID Act, the "'sole and exclusive' method to obtain judicial review of a final order of removal is to petition the appropriate circuit court of appeals for review." *Eisa*, 2008 WL 4223618, at *3 (quoting 8 U.S.C. § 1252(a)(5)).[5] Therefore, to the extent petitioner

---

[4] Even if the issue of petitioner's detention were not moot, this Court would be powerless to grant habeas relief to petitioner. It is well-settled that a federal district court lacks jurisdiction over a petition for habeas corpus that is filed by a petitioner who is detained in another judicial district. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a))). Here, petitioner was detained in the Buffalo Federal Detention Facility in Batavia, New York, which is located in the Western District of New York. Accordingly, even if plaintiff were still detained, the Court would dismiss petitioner's habeas petition because he was detained outside the Eastern District of New York.

[5] As noted, petitioner did petition the Second Circuit for such review.

challenges his removal and is seeking a stay of, or any other relief from, his order of removal, this Court lacks jurisdiction to grant such relief, and these claims are dismissed. *See id.* at *4 (noting that court lacked jurisdiction to grant a stay of removal) (collecting cases).

## C. Declaration of Plaintiff's Citizenship

Plaintiff also seeks an order declaring that he is a United States citizen. Under 8 U.S.C. § 1503(a), a district court has jurisdiction over such an action, subject to two exceptions: "no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a). These exceptions "are designed to protect removal proceedings from judicial interference and preserve 8 U.S.C. § 1252 as the exclusive means of challenging a final order of removal." *Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010). Here, there is no question that the issue of petitioner's citizenship arose in connection with the removal proceeding against him. In the removal proceedings, DHS claimed that petitioner was not a United States citizen, and petitioner asserted his citizenship as a defense to removal.[6] Accordingly, this Court does not have jurisdiction to declare petitioner's citizenship. *See Pessoa*, 2011 WL 2471206, at *3 (concluding that 8 U.S.C. § 1503(a) barred claim seeking declaration of citizenship, where DHS had asserted lack of citizenship in removal proceedings against plaintiff, and plaintiff had claimed U.S. citizenship as a defense to removal).

---

[6] Petitioner twice moved to terminate the removal proceeding on the grounds that he derived United States citizenship through his mother. (AR at 576–80, 702–07.)

5

### D. Citizenship Application

Finally, petitioner seeks an order compelling USCIS to adjudicate his application for derivative citizenship. The issue is moot; USCIS has already adjudicated plaintiff's application and determined that plaintiff is not entitled to citizenship. *See, e.g.*, *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996) (petition to compel ruling was moot where district court had already disposed of motion); *Chapdelaine v. Comm'r, U.S. Parole Comm'n*, No. 01 CIV.7364 FM, 2002 WL 31115545, at *5 (S.D.N.Y. Sept. 24, 2002) ("If an officer or agency performs the duty allegedly owed to the petitioner after a petition for a writ of mandamus has been filed, the petition becomes moot."). The Court thus dismisses this claim.

### III. CONCLUSION

For the foregoing reasons, the petition is denied in its entirety. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

/S/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2013
Central Islip, NY

6